Judge Under-wood,
delivered the opinion of the court.
In 1820, John Gill jr. and Thomas W* Little, merchants and co-partners, trading under the name and firm of John Gill jr. & Company; obtained a judgment against Dudley Williams and Joshua Tay--lor, for $3739 70 cents, with interest, &c. In No--vember 1820, an execution issued on the judgment,which was endorsed by James Breathitt, thus: “Notes-on the bank of Kentucky or its branches, will be accepted in discharge of this execution.” The clerk made an endorsement, allowing a credit for $>178 20' cents, as paid 4th October, 1820, and which credit was given at the foot of the judgment. The sheriff returned this execution, “levied on sundry goods, &c.. and sold the same on the 24th of November, 1820, on a credit of one year, for $>1004 75 cents, and the balance of the execution returned by order of plaintiffs.” A second execution issued on the judgment,on the 12th April, 1823, upon which the clerk endorsed a credit for the $1004 75-cents, and James Breathitt, who seems to have acted as attorney for the plaintiffs, -endorsed a credit for $1800; but neither of them seems to have noticed the credit for $178 20 cents; and whether it be included in the $1600 or not we cannot tell. The sheriff returned this execution, “levied and stryed by order of the plaintiff’s attorney.” On the 30th of June, 1823, a third execution issued upon the judgment, with credits endorsed by the clerk, for the $1004 75 cents and $1600. This execution was levied on sundry slaves and other property, which being exposed to sale, on a credit of two years, William Rosco became the purchaser, at the sum of$1512 25 cents, for which he, with others his sureties, executed a bond, payable to John Gill, jr. & Co. with interest at the expiration of two years from the21stof July, 1823. Each execution issued •In the name of John Gill, jr. & Co.
. In April 1-828, D. Williams, one of the defendants in the judgment, and Wm. Rosco and his sureties in *488 (he sale bond, united in moving the court to quash the sale bond, for the following reasons:
Error or sight of Clerk in omitting nran^aíTexe-cution acred-it given at •uíWment^is nota'rafH-cient ground persona?property made Hndcr the ex-edition, provided the purchaser acta in good faith.
*488 1st. Because, there is a credit on the original judgment, which is not given on the execution.
2d. The endorsement to lake bank paper, was improperly stricken off.
3d. The third execution was taken out and levied on the property sold, and for which the sale bond was given, when a former execution had been levied on property which had not been disposed of.
4th. The execution improperly issued in the name of John Gill, jr. & Co. instead of John Gill, jr. and Thomas W. Little.
The court overruled the motion, and the plaintiffs ■in error have brought up the case for revision.
We peceive nothing in any of the reasons assigned, which will authorize us to reverse the judgmentof the •circuit court, it should be remarked, that the motion did not extend to quashing the execution and sale of the property. If that had been the motion, and the defendant in the judgment and the purchaser had united in it, as here, then the failure to give the proper credits and the suing out a new execution when property levied on in virtue of a former one had not been disposed of, might have been sufficient to sustain it. The motion was to quash the sale bond, and no more. This ought not to have been done, because, for aught that appears to the contrary, the title of Rosco, the purchaser of the property, is perfectly anc* *le should not be permitted to hold the property without paying the sum agreed to be paid, by him, for it. If the credit for $1600, does not include that for §178 20 cents, given on the original judgment, and Gill & Co. collect the whole amount of the sale bond, then they will have received something uPwarcls to the use of D. Williams, for which they may be compelled to account in a proper action, Williams may even have a remedy to prevent its getting into their hands. If the $1600 embraces the $\78 20 centss then there is no danger of inflicting injury on any one, and justice requires the collection 0f the whole sale bond for the benefit of Gill & Co*. *489 The error or oversight of the clerk in omitting to endorse upon the execution a credit given at the foot of the judgment, cannot in any case, be good cause for setting aside a sale of personal property made by the sheriff under the execution, where the purchaser acts in good faith. If the defendant in the execution is injured by it, he must seek redress against the party in fault. The case of Hart &c. vs. Wilson, III. Mon. 342, takes and establishes the distinction between motions to quash a sale bond, and a motion to quash the sale of property. As no motion to quash the sale has been made, and as Rosco, for any thing.wbich.appears is a bonafide purchaser, he must abide by, and perform the sale bond.
There is a difference between a .motion to gw ash a sale boud,,& a,motion to' quash, the, sa]® of property.
A]a{)|yjnn execution has (previous to replevin or'sales on ‘ credit.of t.wo pf^ntiffen-8 Sorsetotako Common-Kentucky bank paper) endorsed to bank^aper^ ()e may on all executions i«-thatlaw,°om}t to continue the endone-maije any endorse-'I taintwo ° ' years indul-8e"°e intend-t„rey henean» not complain,
The endorsement to take notes on the bank of Kentucky was omitted upon the executions, which issued in 1823. This is made a ground of complaint, but without good reason. After that endorsement had been made, the general assembly established the bank of the Commonwealth, and provided, that unless execution plaintiffs would endorse to receive its notes as well as those on the bank of Kentucky, the defend-anls might replevy two years, and if they would not, then their property should be sold on a credit of two years; I. Dig. 501. How we cannot concede that a plaintiff, by agreeing to accept notes on the bank of Kentucky, became bound thereafter, to receive in payment the notes of any bank which the Legislature might choose to incorporate. On the contrary, if the Legislature, in order to force into circulation the notes of an after incorporated bank, required execution plaintiffs to endorse their willingness to accept them in payment, as well as the notes on the bank of Kentucky, and if consent was not yielded, then to grant two years indulgence by replevy, or. a sale on-two years credit; we think the plaintiff might refuse to make any indorsement whatever, in relation to. his willingness to accept bank notes in payment, and if the defendant, as in the case here, thereby obtained the relief which the Legislature intended to afford, he cannot complain. It would have been an idle act to continue the endorsement to receive notes on the bank of Kentucky, unless notes on the bank of the Commonwealth had likewise been added; for the failure to include the latter would, under the statute (except *490 in cases of executions issuing on bonds having the force of a judgment) have entitled the defendant toa replevin of two years, or to a sale of his property on a credit of two years, even if the endorsement to receive notes on the bank of Kentucky were continued,
Oil a jndfr— meat, which shewed that .Joba Gill, jr. and Thomas Little constituted the company trading under the name of John Gill,jr. & Co.an execution issued in the name of “John Gill, jr. Sc Co.” considered valid.
Moreheacl, for plaintiffs.
Issuing the executions in the name of John Gill, jr. & Co. was a substantial compliance with the judgment. Indeed, it may be regarded as a literal compliance with it; for the judgment shews that Gill and Little constituted the company, trading under the style of John Gill, jr. & Co. consequently the name of the firm necessarily included both the partners.
Judgment affirmed, but without costs, as the defendants are in default.